**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mark Adler,<br><br>          Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>          Defendant. | Civil Action No: <u>26-cv-4687</u><br><br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mark Adler ("Plaintiff") brings this Complaint by and through his attorneys and alleges violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* against Defendant JPMorgan Chase Bank, N.A. ("Chase").

### INTRODUCTION/PRELIMINARY STATEMENT

1. The rapid computerization of modern society has produced an unprecedented expansion in the volume, speed, and complexity of data collected and processed about individual American consumers. Today's digital systems—employed by financial institutions, businesses, governmental agencies, and countless other entities—allow consumer-specific information to be transmitted instantaneously at the request of third parties. In principle, this rapid exchange of data is meant to facilitate more efficient decision-making, reduce delays, and promote societal benefits through increased convenience, accuracy, and administrative efficiency.

2. Electronic funds transfers permit the movement of money through a variety of automated means, including electronic terminals, telephonic instructions, and computer- or magnetic-tape–based transmissions. While these systems have become essential to modern consumer banking, their computerization and the speed with which transactions occur also expose consumers to heightened risks. Unauthorized actors can exploit these systems to initiate

1

rapid and often irreversible withdrawals, frequently before a consumer becomes aware of the misuse. When such fraud is not promptly and adequately redressed by the financial institution, the consumer bears the full brunt of the loss—suffering immediate economic deprivation, cascading financial harm, and significant emotional distress. Recognizing these dangers, Congress enacted the EFTA to ensure that banks, not consumers, bear the responsibility for investigating unauthorized electronic transfers and providing timely remediation when fraud occurs.

3. At all relevant times, an unknown third party executed a series of unauthorized electronic fund transfers that systematically withdrew and diverted money from Plaintiff's deposit account maintained with Defendant. These transactions were initiated and completed without Plaintiff's knowledge, authorization, or consent, and the perpetrating third party—not Plaintiff—obtained the full benefit of the misappropriated funds. Plaintiff neither participated in nor otherwise contributed to the fraudulent activity, and the withdrawals constitute quintessential unauthorized electronic fund transfers under the EFTA.

4. Accordingly, Plaintiff asserts a claim against Defendant for its failure to conduct a full, fair, and timely investigation of his dispute, and for failing to review and consider all relevant information that Plaintiff provided, as required by the Electronic Fund Transfer Act. Defendant's inadequate and incomplete handling of Plaintiff's fraud report constitutes a violation of its statutory duties under 15 U.S.C. § 1693f, which mandates prompt investigation, provisional recrediting when necessary, and corrective action upon confirmation of unauthorized transfers.

5. As a result of Defendant's conduct, Plaintiff seeks all remedies available under the Electronic Fund Transfer Act, including actual damages, statutory damages, and an award

2

of costs and reasonable attorneys' fees. Plaintiff further seeks any enhanced damages permitted under the Act for Defendant's willful or negligent violations of 15 U.S.C. § 1693 *et seq.*, as set forth herein.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the EFTA, a federal law. *See* 15 U.S.C. § 1693m(g) (EFTA) (permitting actions to enforce liability in an appropriate United States District Court).

7.     Venue in the Eastern District of New York is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides here, Defendant regularly transacts business within this District, is otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8.     Plaintiff incorporates herein by reference paragraphs numbered 1 through 7 of this Complaint as though fully set forth at length herein.

9.     Plaintiff is a natural person who resides in the State of New York in the County of Kings.

10.     Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).

11.     At all times relevant, Plaintiff's checking and/or deposit account with Defendant Chase was used for personal, family, or household purposes.

12.     At all relevant times, Plaintiff's Account was an "account" and constituted an "account" as defined by 15 U.S.C. § 1693a(2).

13. Defendant JPMorgan Chase Bank, N.A. is a national banking association organized under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by 15 U.S.C. § 1693a(9), and may be served through its registered agent, CT Corporation System located at 28 Liberty Street, New York, NY 10005.

14. At all relevant times, Defendant was a bank that held Plaintiff's Account.

15. At all relevant times, Defendant is a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9).

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates herein by reference paragraphs numbered 1 through 15 of this Complaint as though fully set forth at length herein.

17. Plaintiff Mark Adler is an individual who has an account with Chase. Approximately $4,345.00 was taken from Plaintiff's Chase account without his authorization within the applicable, potentially recoverable timeframe. Plaintiff informed Chase, but Chase refused to make him whole, in violation of the EFTA.

18. Plaintiff is a victim of identity theft and fraud.

19. Plaintiff's debit card information was accessed and used without his knowledge or consent to conduct transactions through a Cash App account that Plaintiff does not own, does not recognize, and never authorized.

20. Plaintiff has never connected his Chase card or account to Cash App, nor has he granted any third party permission to do so on his behalf. Plaintiff has never maintained or used a Cash App account.

21. Specifically, Plaintiff's Chase card ending in 8455 was fraudulently linked to a Cash App account that Plaintiff neither owns nor authorized. This unauthorized linkage enabled an unknown Cash App user to initiate multiple electronic fund transfers from Plaintiff's account or card without his knowledge or consent.

22. The perpetrator, who is unknown to Plaintiff, unlawfully made charges through Chase via Plaintiff's Chase account and card.

23. The disputed transactions consist of recurring, small-dollar debits, generally between $48.00 and $49.00 each, occurring regularly from July 18, 2025 through September 9, 2025, with only minor variations. Because the transactions were small and recurring, Plaintiff did not immediately notice them.

24. Plaintiff does not know, and has no connection with, the individuals associated with the disputed transactions, including Jorge Castro and Gretta Griffi, and in no way authorized those transactions.

25. Plaintiff never provided Defendant with authorization or consent—whether oral, written, electronic, or otherwise—to execute any of the unauthorized transactions or to transfer funds from Plaintiff's account for any of the disputed withdrawals.

26. Plaintiff likewise did not authorize, permit, or otherwise grant any unknown third party the ability to initiate electronic fund transfers from his account, and he provided no consent—express or implied—for any third party to conduct any of the Unauthorized Transactions.

27. Plaintiff first became aware of the unauthorized activity on September 16, 2025, while reviewing his bank account in the course of setting up direct deposit for a new job. During

that review, Plaintiff discovered that his Chase card ending in 8455 had been fraudulently linked to a Cash App account he does not own, does not recognize, and never authorized.

28. Promptly upon discovering the unauthorized activity, Plaintiff immediately contacted Chase to advise that the charges were fraudulent.

29. On September 16, 2025, Plaintiff submitted a dispute to Chase concerning the card ending in 8455, detailing the unauthorized transactions and requesting that Chase investigate the fraudulent activity.

30. On September 16, 2025, Chase responded to Plaintiff's dispute, stating that a temporary credit of $212.00 had been issued to Plaintiff's account while Chase conducted its investigation into the reported transactions.

31. Also on September 16, 2025, Plaintiff received a further response from Chase indicating that a portion of his claim had been denied.

32. Chase failed to explain how any information in its possession supported its conclusion that the disputed transactions were authorized by Plaintiff.

33. Chase did not identify any specific facts, findings, or analysis demonstrating that the funds were not withdrawn without Plaintiff's knowledge or consent, nor did it meaningfully address Plaintiff's evidence or explanation. Instead, Chase merely relied on conclusory assertions unsupported by any substantive investigation.

34. In total, Plaintiff alerted Chase to approximately $4,345.00 worth of unauthorized transactions falling within the applicable, potentially recoverable timeframe.

35. At this time, Chase has failed to refund Plaintiff the balance of his missing funds and has failed to provide a detailed explanation for the results of its investigation into the dispute.

36. Despite its obligation under the EFTA to promptly credit Plaintiff's account, Defendant refused to refund the stolen funds to Plaintiff's account.

37. To date, Defendant has failed and refused to credit back to Plaintiff the funds withdrawn through the unauthorized transactions, in violation of its statutory obligations under the EFTA and Regulation E.

38. To date, Defendant has not conducted a sufficient investigation of the unauthorized electronic funds transfers complained of by Plaintiff.

39. To date, Defendant has not conducted a lawful or adequate investigation into the Unauthorized Transactions, and has failed to perform the reasonable, good-faith inquiry required under the EFTA and Regulation E despite Plaintiff's timely dispute.

40. Defendant failed to conduct a reasonable or good-faith investigation into the Unauthorized Transactions. Instead of undertaking the thorough, fact-driven inquiry required under the EFTA and Regulation E, Defendant performed an inadequate and superficial review that ignored key information provided by Plaintiff and improperly concluded that the fraudulent transfers were authorized.

41. Defendant lacked any reasonable basis to conclude that the electronic fund transfers withdrawn from Plaintiff's Account were authorized. Nothing in Defendant's possession— whether transaction data, usage patterns, location information, or any materials provided by Plaintiff—supported a finding that Plaintiff initiated or approved the transfers. Defendant's determination was therefore arbitrary, unsupported, and in direct contravention of its obligations under the EFTA to resolve disputed transfers only upon a demonstrable factual basis.

42. As such, Plaintiff has been harmed by not receiving his missing funds that were taken through unauthorized transactions when the EFTA obligates Chase to return the full amount from the unauthorized transactions.

## COUNT I

### VIOLATIONS OF THE EFTA, 15 U.S.C. § 1693 *et seq.*

43. Plaintiff incorporates herein by reference paragraphs numbered 1 through 48 of this Complaint as though fully set forth herein at length.

44. The EFTA and Regulation E place sharp limitations on consumer liability for unauthorized transactions. *See* 15 U.S.C. § 1693g ("Consumer liability"); 12 C.F.R. § 1005.6 ("Liability of consumer for unauthorized transfers").

45. The EFTA requires that financial institutions limit consumer liability for unauthorized electronic funds transfers where the consumer provides timely notice of the loss, theft, or unauthorized use of an access device, such as a debit card. 12 C.F.R. § 1005.6(b).

46. The EFTA places the burden of proof on the financial institution to demonstrate that the challenged transfers were authorized or, if they were unauthorized, that the consumer can be held liable for them. 15 U.S.C. § 1693g(b).

47. Specifically, under Section 1693g(b), Defendant must show that the disputed transfers were authorized:

> BURDEN OF PROOF.—In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized or, if the electronic fund transfer was unauthorized, then the burden of proof is upon the financial institution to establish that the conditions of liability set forth in subsection (a) have been met, and, if the transfer was initiated after the effective date of section 905, that the disclosures required to be made to the consumer

under section 905(a)(1) and (2) were in fact made in accordance with such section.

48.     As a Federal Reserve Board Examiner has explained, "When the alleged error is an unauthorized EFT, the EFTA places the burden of proof on the financial institution to establish the transaction was authorized. Therefore, if the institution cannot establish the disputed EFT transaction was authorized, the institution must credit the consumer's account."[1]

49.     Once Plaintiff notified Chase of the unauthorized transfers, Chase was required to conduct a bona fide, reasonable investigation to determine whether fraud occurred, as required by the EFTA.

50.     However, Chase failed to conduct a reasonable investigation and failed to meet its burden by ignoring the substance of Plaintiff's dispute of the unauthorized transactions.

51.     A reasonable investigation would have included a review of one or more of the following items, which would have led Chase to conclude that fraud had occurred and would have revealed the following:

   a.   Plaintiff did not authorize the disputed transactions;

   b.   Plaintiff promptly reported the fraudulent transactions upon discovering them;

   c.   Plaintiff has no history of making false or unverifiable fraud reports;

   d.   Plaintiff has no history of irresponsible use of his account;

---

[1] Scott Sonbuchner, *Error Resolution and Liability Limitations Under Regulations E and Z: Regulatory Requirements, Common Violations, and Sound Practices*, Consumer Compliance Outlook (2021), available at https://www.consumercomplianceoutlook.org/2021/second-issue/error-resolution-and-liability-limitations-under-regulations-e-and-z/. *See also Exarhos v. JPMorgan Chase Bank, N.A.*, 2021 U.S. Dist. LEXIS 135292, at *5-6 (N.D. Ill. July 20, 2021); *Acafrao v. United States Century Bank*, 2010 U.S. Dist. LEXIS 162849, at *22 (S.D. Fla. Aug. 9, 2010); *Brown v. Bank of Am., N.A.*, 2022 U.S. Dist. LEXIS 108749, at *4 (D. Md. June 17, 2022).

    e. Plaintiff has no history of frauds with Chase or any other financial institution;

    f. No other proof exists to refute Plaintiff's claim.

52. Furthermore, the EFTA places the burden of proof on the financial institution to demonstrate the challenged transfers were authorized or, if they were unauthorized, that the consumer can be held liable for them. 15 U.S.C. § 1693g(b).

53. This burden of proof cannot be and was not plausibly met with regard to the contested transactions.

54. Defendant's acts and omissions set forth above violate the EFTA.

55. As a direct and proximate result of Defendant's violations of the EFTA, Plaintiff is entitled to an award of statutory and actual damages as well as attorneys' fees and costs.

56. Defendant's inadequate investigation and imposition of the burden of proof on the consumer contrary to the statute is a violation of 15 U.S.C. § 1693f(e), entitling Plaintiff to treble damages.

## DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark Adler respectfully requests that this Honorable Court enter judgment against Defendant JPMorgan Chase Bank, N.A. for the following:

    (a) An award of all damages to which Plaintiff is entitled, including actual damages, treble damages, statutory damages, and nominal damages;

(b) Restitution;

(c) Prejudgment interest; and

(d) An award of attorneys' fees and costs.

Dated: July 29, 2026                         Respectfully submitted,

**Stein Saks, PLLC**

/s/Alec Deborin
Alec Deborin, Esq.
Stein Saks, PLLC
One University Plaza, Ste. 620
Hackensack, NJ 07601
201-282-6500
adeborin@steinsakslegal.com